UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM JOSEPH SULLIVAN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 3:21-cv-153 |
| v. | ) | |
| | ) | Judge Atchley |
| GARRETT LEE PEGG and CALEB MICHAEL GRIFFIN, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Garrett Lee Pegg's Motion for Summary Judgment. [Doc. 39]. Pegg argues he is entitled to summary judgment because Plaintiff cannot establish one of the essential elements of negligence and negligence *per se*—proximate causation. [*Id.* at 2]. For the reasons expressed below, Defendant Pegg's Motion for Summary Judgment [Doc. 39] is **DENIED**.

**I.     Facts and Background**

This matter stems from an accident on May 2, 2020, in which Plaintiff Sullivan was injured. [Doc. 40-1 at 12, 19].[1] The accident occurred on U.S. Highway 120, often called the "Tail of the Dragon." [*Id.* at 6]. The Tail of the Dragon is eleven miles long with a substantial number of curves. [*See* Doc. 40-1 at 6; Doc. 49-2 at 9]. On the date of Mr. Sullivan's accident, Defendants Pegg and Griffin participated in a caravan of vehicles driving up and down the Tail of the Dragon. [Doc. 40-1 at 7]. Pegg was the first driver in the caravan of vehicles, and Griffin was driving third. [Doc. 49-2 at 12]. Plaintiff Sullivan was driving separately on his motorcycle. [*See* Doc. 40-1 at

---

[1] For consistency and ease of reference, record citations are to the CM/ECF-stamped document and page number, not to the internal pagination of any filed document.

29; Doc. 49-1 at 7].

As Pegg approached one of the numerous curves, he admits he was traveling "too fast" and did not successfully navigate the curve. [Doc. 49-2 at 10-11]. Pegg collided with a motorcycle. [*Id.* at 17]. While traffic started re-routing around the accident, Pegg and the motorcycle passengers moved their vehicles to the shoulder of the road. [Doc. 40-1 at 14]. After the accident, Griffin decided to alert oncoming traffic. [*Id.* at 13; Doc. 49-3 at 9-10]. Griffin pulled off the road and began alerting/directing traffic. [Doc. 49-3 at 9-10].

While Griffin was directing traffic, Sullivan approached on his motorcycle. [Doc. 40-1 at 31-34]. Sullivan was taking a left turn around a curve and saw Griffin motioning with his hands. [*Id.*]. Believing that Griffin was "flagging" him down, Sullivan maneuvered to pull over to the side of the roadway. [*Id.* at 35, 38-39]. As Sullivan was pulling onto the shoulder of the road, he hit a patch of gravel, his back tired started "skipping," and he ultimately lost control of the motorcycle. [*Id.* at 39; Doc. 49-1 at 15]. The motorcycle fell on Sullivan's leg, causing substantial injuries, including a broken ankle that required two surgeries and lasting damage that Plaintiff Sullivan claims still impacts his life. [Doc. 49-1 at 16-18, 21-24].

Sullivan initiated this action against Defendants Pegg and Griffin on April 23, 2021. [Doc. 1]. Sullivan alleges that the negligence of both defendants caused his injuries. [*Id.* at ¶¶ 23-40]. More specifically, Sullivan brings claims of negligence and negligence *per se* against both Defendants. [*Id.*]. Defendant Pegg now moves the Court for summary judgment, claiming that Plaintiff Sullivan cannot show that Pegg's actions—particularly his initial accident and his actions surrounding that accident—were a proximate cause of Sullivan's crash and resulting injuries. [Doc. 39 at 2].

**II.     Standard**

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material fact must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56).

The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

### III. Analysis

Defendant Pegg argues that Plaintiff Sullivan cannot demonstrate that Pegg's actions and/or conduct proximately caused Sullivan's accident and resulting injuries. Pegg makes two primary arguments: (1) that Sullivan's incident was not reasonably foreseeable; and (2) that Defendant Griffin's negligent conduct was a superseding cause in Sullivan's accident and resulting injuries. The Court explores both arguments below.

#### i. Negligence and Negligence *Per Se*

Under Tennessee law, to succeed on a negligence claim, a Plaintiff must prove by a preponderance of the evidence five essential elements: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *See King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013); *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009).

To succeed on a negligence *per se* claim in Tennessee, a Plaintiff must show: (1) that

defendant violated a statute or ordinance that imposes a duty for the benefit of a person or the public; (2) that plaintiff is within the class of persons to be protected by the statute or ordinance; and (3) that the negligence was the proximate cause of the injury. *Gentry v. Hershey Co.*, 687 F. Supp.2d 711, 723 (M.D. Tenn. 2010) (quoting *Harden v. Danek Medical, Inc.*, 985 S.W.2d 449, 453 (Tenn. Ct. App. 1998)).

Defendant Pegg argues both the negligence and negligence *per se* claims brought against him must fail because Sullivan cannot demonstrate, by a preponderance of the evidence, that Pegg's actions—particularly his vehicular accident—proximately caused Sullivan's accident and injuries. Both counts arise from the same set of facts. As such, whether or not Pegg is entitled to summary judgment for both counts hinges on the issue of proximate causation. Both claims will therefore be analyzed simultaneously.

### ii. Proximate Causation

Defendant argues that Plaintiff cannot establish that Pegg's initial accident and/or other conduct was the proximate cause of Sullivan's accident. Proximate cause is generally an issue that should be decided by a jury. *See Wilson v. Americare Sys.*, 397 S.W.3d 552, 559 (Tenn. 2013) ("Where the evidence supports more than one reasonable conclusion, causation in fact *and proximate causation* are issues of fact which should be decided by the jury and not the appellate court.") (citing *Pullins v. Fentress Cnty. Gen. Hosp.*, 594 S.W.2d 663, 671 (Tenn. 1979)) (emphasis added). Courts in Tennessee use a three-pronged test to assess proximate cause: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary

5

intelligence and prudence. *King*, 419 S.W.3d at 247 (quoting *Hale v. Ostrow*, 166 S.W.3d 713, 719 (Tenn. 2005). While one "is expected to be vigilant, he is not expected to be prescient." *Cotton v. Wilson*, 576 S.W.3d 626, 638 (Tenn. 2019). That said, "[t]he foreseeability requirement is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place . . . [but rather] the general manner in which the injury or loss occurred." *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991).

Pegg focuses on the third prong of this proximate causation test: whether the harm could have "reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence." *Id.*; *see* [Doc. 40 at 7]. Pegg argues that the manner in which Sullivan was injured was simply not reasonably foreseeable and, therefore, his negligence was not the proximate cause of Plaintiff's accident. [Doc. 40 at 7-10]. Defendant further claims that Griffin's actions were not foreseeable, and that the factual circumstances surrounding the two accidents show the first accident was not the proximate cause of the second.

A reasonable jury could certainly find that Griffin deciding to warn incoming traffic of Pegg's accident was foreseeable. Griffin and Pegg were traveling together in a caravan [Doc. 49-2 at 12], and Pegg acknowledges that other drivers needed to be warned of the danger because the layout of that section of road decreased visibility. [Doc. 49-2 at 23]. It is further plausible for a jury to determine, when considering the unique layout of the Tail of the Dragon, that it was foreseeable an individual would be injured when reacting to warnings from Pegg's traveling partner. Even if Griffin warned others in a negligent manner, "there are circumstance in which an earlier tortfeasor may be held liable not only for the injury caused by its own negligent conduct but also for later injury caused by the negligent conduct of another tortfeasor . . . [that is,] when the subsequent negligent conduct is a foreseeable or natural consequence of the original

tortfeasor's negligence." *Banks v. Elks Club Pride of Tenn. 1102*, 301 S.W.3d 214, 222 (Tenn. 2010).

Pegg references several cases involving vehicular accidents in which courts found proximate causation.[2] Particularly, Pegg explains that these cases show that "greater spatial or temporal distance between the initial collision and the secondary collision typically leads to a determination that there was no proximate cause." [Doc. 40 at 9]. He claims that the time that elapsed between his accident and Sullivan's, as well as the geographic circumstances surrounding them, demonstrate that his initial accident was not the proximate cause of Sullivan's. By Pegg's own admission, the time between accidents and the geographic circumstances surrounding the accidents are material to foreseeability and thus the proximate cause analysis. Here, there are fact questions as to both the spatial and temporal circumstances of the accidents.

There is a factual dispute concerning the amount of time that passed between Pegg's initial accident and Sullivan's ultimate incident. Defendant Griffin claims that he "stood there . . . for the next couple hours slowing traffic, and for what was probably a hundred cars approximately, until Mr. Sullivan came around." [Doc. 40-1 at 19]. If true, the finder of fact might determine the significant time that passed between the incidents cuts against proximate causation. However, Griffin further stated: "I can't be for sure because I wasn't really paying attention to the time, but it seemed like it was around an hour." [Doc. 49-3 at 25-26]. And Plaintiff's expert offers a different story.[3] Plaintiff's expert Dr. Kress opines that, according to his review of the available information,

---

[2] Proximate or legal causation is a factually intensive analysis. Pegg cites several cases to demonstrate, *inter alia*, that significant time between accidents and distance between them can both indicate whether proximate causation is satisfied.

[3] The Court's Memorandum Opinion and Order on Defendants' Joint Motion to Exclude the Testimony of Tyler Kress held that Plaintiff's expert Kress shall not testify as to proximate cause. [Doc. 68]. However, the Order only prohibits Kress from explicitly stating that something was the proximate cause of Sullivan's accident. That is, Kress may still testify as to his view of the events as determined through review of the available information, which includes his estimation of the time that elapsed between the accidents as well as the geographic distance of all parties at the time.

the traffic accidents occurred within a few minutes of each other. [Doc. 49-4 at 5-6, 10, 19-20]. These differing opinions as to the timing of the accidents creates a factual dispute on an issue Pegg himself identifies as material to the proximate cause analysis. It is inappropriate for the Court to determine a disputed fact on summary judgment, and it shall be up to the jury to weigh the evidence and make this determination itself.

As to the distance between the two accidents, this fact is also material to the proximate cause analysis—and the geographic circumstances prove murky. The record indicates that the accidents occurred anywhere from about one hundred to four-hundred feet apart. [Doc. 49-3 at 15, 19-20; Doc. 49-4 at 11]. The difference between the lower and higher end of these estimates alone could prove determinative for a jury. Further, while Sullivan admits that he was unable to see Pegg's accident at the time of his injury [Doc. 40-1 at 46], it remains a reasonable question for the jury as to whether Sullivan actually seeing Pegg's accident is important in the analysis— particularly given the unique nature and layout of the Tail of the Dragon combined with Pegg's knowledge of the road and belief that other drivers needed to be warned about his accident ahead. [Doc. 49-2 at 23].

In short, there is a factual dispute as to several key contentions that Pegg relies on. Particularly, there are fact issues concerning the amount of time that passed between the Pegg and Sullivan accidents and the geographic circumstances surrounding the accidents. Thus, a factual finding on these material considerations of the proximate cause analysis is necessary. It is not the Court's role to make such a factual finding, and granting summary judgment on the proximate cause issue is therefore inappropriate.

### iii. Superseding Cause

The concept of "superseding cause" offsets or limits a defendant's liability. That is, a

8
Case 3:21-cv-00153-CEA-JEM   Document 75   Filed 04/25/23   Page 8 of 10   PageID #: 698

superseding cause is "an intervening force or act that is deemed sufficient to *prevent* liability for an actor whose tortious conduct was a factual cause of harm." *Cotton v. Wilson*, 576 S.W.3d 626, 639 (Tenn. 2019) (quoting Restatement (Third) of Torts: Phys. & Emot. Harm § 34 cmt. b (2010)). Like proximate cause, "the existence of a superseding, intervening cause, [is a] jury question[] unless the uncontroverted facts and inferences to be drawn from the facts make it so clear that all reasonable persons must agree on the proper outcome." *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 905 (Tenn. 1996) (quoting *Haynes v. Hamilton Cnty.*, 883 S.W.2d 606, 612 (Tenn. 1994)) . When asserting the defense of superseding cause, a defendant must establish four essential elements:

> (1) the harmful effects of the superseding cause must have occurred after the original negligence; (2) the superseding cause must not have been brought about by the original negligence; (3) the superseding cause must actively work to bring about a result which would not have followed from the original negligence; and (4) the superseding cause must not have been reasonably foreseen by the original negligent party.

*Cotton*, 576 S.W.3d at 639 (quoting *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 299 (Tenn. 2017)). Defendant Pegg must establish all four of these elements in order to prove superseding cause.

Pegg argues that Griffin's actions were a superseding cause and therefore Pegg cannot be liable for Sullivan's accident and injuries. As discussed above, when looking at the facts in the light most favorable to Plaintiff, a reasonable jury could conclude that Griffin's actions and Sullivan's accident/injuries were reasonably foreseeable by Pegg. Thus, there is a genuine issue as to whether Pegg can prove the fourth element of a superseding cause defense, and it would be inappropriate for the Court to determine Pegg has demonstrated that Griffin's negligence was a superseding cause.

Furthermore, a reasonable jury could conclude that Griffin's negligence was brought about

by Pegg's original negligence and/or accident. A jury could find that had Pegg not been traveling in a caravan on Tail of the Dragon and had his initial accident, Griffin would not have exited his vehicle and motioned to oncoming traffic.

As such, a reasonable jury could find that Pegg has failed to demonstrate at least two of the four elements used by Tennessee courts to determine if something is a superseding cause. Because Pegg must demonstrate all four elements of this defense, the Court cannot find that Griffin's actions were a superseding cause at this stage. *See Cotton*, 576 S.W.3d at 639.

## IV. Conclusion

When viewing the facts in the light most favorable to Plaintiff Sullivan, there are genuine issues of material fact that impact both the proximate cause and superseding cause analyses. A reasonable jury could find that Pegg's accident was the proximate cause of Plaintiff's accident and injuries. Further, a reasonable jury could determine that Griffin's actions—even if negligent—did not supersede Pegg's. Accordingly, Defendant Pegg's Motion for Summary Judgment [Doc. 39] is **DENIED**.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY JR.
UNITED STATES DISTRICT JUDGE